ELSIE M. COYLE *vs.* PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

*Personal Injuries—Negligence; Concurrent—Street Railway— Common Carrier—Passenger—Due Care—Burden of Proof—Presumption—Conflict of Evidence— Measure of Damages.*

1. A street railway company in letting its passengers on and off its cars is bound to stop at its usual stopping places, and to wait a reasonable time for passengers to get off or on, and also to use all reasonable care to secure the safety of its passengers.

2. A common carrier of this character is held to strict care in the safe transportation of its passengers, but it is not an insurer of their safety under all circumstances, being only responsible for its negligence.

3. On the other hand, there is a duty resting upon the passenger to act with prudence and to use the means provided for his transportation with reasonable discretion and care, and if his negligent act contributes to the injury of which he complains, he cannot recover.

4. Reasonable care is such care as a person of ordinary prudence would exercise under similar circumstances; such care being proportioned to the risk incurred.

5. To entitle the plaintiff to recover, the jury must be satisfied by the preponderance of the evidence, that the negligence of the defendant which caused the plaintiff's injuries, was the negligence described in the plaintiff's declaration.

6. No presumption of negligence, either on the part of the defendant or the plaintiff, arises from the mere fact that the plaintiff was injured while alighting from a car of the defendant.

7. The burden of proving negligence, whether of the defendant or the plaintiff, rests upon the party by whom such negligence is alleged.

8. If a car slows up or stops at an unusual stopping place, in such a manner as clearly to invite a passenger to alight, and the passenger under such circumstances attempts to alight, using due and proper care, it is the duty of the person or persons having charge of the car not to suddenly start the car in such a manner as to endanger the safety of the alighting passenger.

9. If the injury complained of was occasioned by the negligence of the plaintiff, or by the concurrent negligence of both the plaintiff and defendant, the plaintiff cannot recover, as the law in such case will not attempt to measure the degree of negligence attributable to each party.

10. The rule as to conflicting testimony stated.

11. Measure of damages stated.

*(December* 12, 1907.)

LORE, C. J., and SPRUANCE, and BOYCE, J. J., sitting.

*J. Harvey Whiteman* and *William F. Smalley* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, November Term, 1907.

ACTION ON THE CASE (No. 132, November Term, 1906), by a passenger to recover damages for personal injuries sustained while attempting to alight from a car.

See facts in charge of Court.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action is brought by the plaintiff, Elsie M. Coyle, against the defendant, the Peoples Railway Company, a corporation of this State, to recover damages for personal injuries to the plaintiff, alleged to have been occasioned by the negligence of the defendant.

The plaintiff contends that on September first, 1906, she was a passenger on one of the cars of the defendant, going westward on Second Street in this City, and that near the intersection of the westerly side of Walnut Street, while attempting to alight from said car after the same had come to a stop, the said car was negligently and suddenly started, whereby she was thrown from the car to the bed of the street and seriously injured.

The defendant contends that it was guilty of no negligence whatever; that at the time the plaintiff attempted to alight from the car, the car was in motion, and that her falling or being thrown from the car was solely due to her own negligence.

A street railway company in letting its passengers on and off

its cars, is bound to stop at its usual stopping places, and to wait a reasonable time for passengers to get off or on, and also to use all reasonable care to secure the safety of its passengers. It is admitted in this case that the defendant, at the time of the said accident, was a common carrier engaged in the business of transporting passengers for hire.

A common carrier of this character is held to strict care in the safe transportation of its passengers, but it is not an insurer of their safety under all circumstances, being only responsible for its negligence.

On the other hand, there is a duty resting upon the passenger to act with prudence and to use the means provided for his transportation with reasonable discretion and care, and if his negligent act causes or contributes to the injury of which he complains, he cannot recover. It is the duty of the passenger to exercise all reasonable care in alighting from a car. Reasonable care is such care as a person of ordinary prudence would exercise under similar circumstances; such care being proportioned to the risk incurred.

This action is based upon the negligence of the defendant, and to entitle the plaintiff to recover, you must be satisfied by the preponderance or greater weight of the evidence, that the negligence of the defendant which caused the plaintiff's injuries, was the negligence described in the plaintiff's declaration, namely, the sudden moving of the car forward or backward while the plaintiff was in the act of alighting from the car.

No presumption of negligence, either on the part of the defendant or the plaintiff, arises from the mere fact that the plaintiff was injured while alighting from a car of the defendant.

To entitle the plaintiff to recover, you must be satisfied, from a preponderance of the evidence, that the injury to the plaintiff was caused by the negligence of the defendant.

The burden of proving negligence, whether of the defendant or the plaintiff, rests upon the party by whom such negligence is alleged.

If a car slows up or stops at an unusual stopping place, in such a manner as clearly to invite a passenger to alight, and the passenger under such circumstances attempts to alight, using due and proper care, it is the duty of the person or persons having charge of the car not to suddenly start the car in such a manner as to endanger the safety of the alighting passenger.

If the injury complained of was occasioned by the negligence of the plaintiff, or by the concurrent negligence of both the plaintiff and defendant, the plaintiff cannot recover, as the law in such case will not attempt to measure the degree of negligence attributable to each party.

Your verdict should be given in favor of that party for whom is the preponderance or greater weight of the evidence.

Where, as in this case, the testimony is conflicting, the jury should reconcile it if they can; but if they cannot do so, they should give credence to that part of it which they deem most worthy of belief.

If your verdict should be for the plaintiff, it should be for such sum as will reasonably compensate her for her injuries, taking into consideration her pain and suffering, her loss of power to perform labor, her loss of time resulting from the injuries sustained by her, and also her expenses for medical, surgical and hospital attendance incurred by reason of such injuries. And if such injuries are of a permanent character, that fact should be considered in determining the amount of the verdict.

Verdict for plaintiff for $1000.